UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH KELLEY,

               Petitioner,                             Case No. 14-cv-14254

v                                                      Honorable Thomas L. Ludington

THOMAS WINN,

               Respondent.

_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Petition Kenneth Kelley, confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a jury in the Wayne County Circuit Court of assault with intent to do great bodily harm less than murder, Mich. Comp Laws § 750.84; armed robbery, Mich. Comp Laws § 750.529; felon in possession of a firearm, Mich. Comp Laws § 750.224f; intentional discharge of a firearm at a dwelling or occupied structure, Mich. Comp Laws § 750.234b; felony-firearm, Mich. Comp Laws § 750.227b, and being a second felony habitual offender, Mich. Comp Laws § 769.10. Petitioner was sentenced to five to ten years on the assault conviction, twenty to thirty years on the armed robbery conviction, two years, six months to five years on the felon in possession of a firearm conviction, two to four years on the intentional discharge of a firearm conviction, and a consecutive two year prison sentence on the felony-firearm conviction. Petitioner contends that his trial convictions should be vacated and an earlier guilty plea should be reinstated because the trial judge set aside Petitioner's guilty plea without

his consent and because he was denied the right to a fair trial when the judge refused to provide the trial transcripts to the jury during deliberations. Petitioner's claims are non-cognizable issues for federal habeas relief. Therefore, the petitioner will be summarily denied.

I.

The Michigan Court of Appeals reviewed the relevant facts of the case in affirming Petitioner's conviction:[1]

> The underlying facts supporting defendant's convictions are not relevant for the issues on appeal; thus, they will not be discussed. However, some of the procedural history is important.
>
> On July 19, 2011, defendant entered into a plea agreement. The plea agreement required defendant to plead guilty to count I, assault with intent to do great bodily harm less than murder, MCL 750.84, count II, armed robbery, MCL 750.529, and count VI, felony-firearm, MCL 750.227b(1). In exchange, the prosecution would drop the habitual offender status and dismiss the remaining counts of felon in possession of a firearm, discharge of a firearm at a building, and felonious assault.
>
> Defendant repeatedly asserted that he understood the plea and desired to accept the deal. During his allocution, defendant indicated that he hit the victim in the head, shot him while intending to seriously injure him, and stole the victim's coat. After which, the trial court accepted his plea.
>
> Before defendant's sentencing hearing, however, defendant sent the trial court a letter requesting that he be allowed to withdraw his guilty plea. The letter stated the following:
>
>> I want to see if I can withdraw my plea because I didn't understand. My lawyer told me that [sic] to take the plea for 14 mounths [sic].
>>
>> I have a learn[ing] problem[;] please I want to go to trial. I have people to say that I was[n't] in town when this happened. I got rob[bed] for my coat and my state [identification] was in my coat[;] that's [wh]y he's saying that it was me. I had got [sic] rob[bed] for my car and in front [of] my house and they shot thr[e]w my house[,] took my coat and 800 dollar[s].... I never shot nobody or rob[bed]. I never knew this man.

---

[1] This review is presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

The trial court noted that defendant was attempting to withdraw his plea pursuant to MCR 6.310(B), which controls when a defendant wishes to withdraw a plea after it was accepted but before sentencing. The following exchange took place when the trial court asked defendant about withdrawing his plea:

> *THE COURT*: You want to withdraw your plea, right?
>
> *[Defendant]*: I'm innocent but I will take it.
>
> *THE COURT*: No, no, no, no. Listen, listen, listen[.]
>
> *[Defendant]*: [1] I will take it I'm guilty. I will take it. I will take 14.
>
> *[Defense counsel and defendant confer.]*
>
> *THE COURT*: Mr. Kelley.
>
> *[Defendant]*: I want to take the 14.
>
> *THE COURT*: Sorry[?]
>
> *[Defendant]*: I want to take the 14 years.
>
> *[Trial court explains the sentencing ramifications to defendant.]*
>
> *THE COURT*: So you got to tell me what you want to do.
>
> *[Defendant]*: I just told you, sir.
>
> *[Defense Counsel]*: Tell him again.
>
> *[Defendant]*: I will take the 14.
>
> *[Defense Counsel]:* Okay.
>
> *[Defendant]*: *This ain't right at all*. I'm taking the 14 *I'm innocent, I'm innocent.*
>
> *[THE COURT:]*[2] *Your motion* to withdraw your plea [is] granted.

A four-day jury trial ensued, and defendant now appeals from his jury convictions.

---

[1] The transcript incorrectly attributed this statement to the trial court. (Footnote original).

[2] The transcript incorrectly attributed this statement to defendant. (Footnote original).

*People v. Kelley,* 2014 WL 307999, at *1-2 (Wayne County Circuit Court, January 28, 2014) (emphasis original).

Petitioner's conviction was affirmed on appeal. *Id.*; *lv. den.* 496 Mich. 861, 847 N.W.2d 632 (2014)(Table).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Mr. Kelley is entitled to reversal of his trial convictions and reinstatement of his guilty plea made pursuant to a plea bargain where his properly accepted guilty plea was withdrawn without his consent contrary to the standards set forth by MCR 6.310.

II. Mr. Kelley is entitled to a new trial where the jury was foreclosed access to transcripts of testimony during deliberations.

## II.

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable

application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "a federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

In addition, promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *see also Allen v. Perini*, 424 F. 2d 134, 141 (6th Cir.1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*,

178 F.3d 434, 436 (6th Cir.1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). A review of the petition requires the petition to be summarily denied.

### III.

#### A.

Petitioner first contends that his trial convictions should be vacated and his original guilty plea should be reinstated because the trial judge vacated the guilty plea at Petitioner's original sentencing without his consent.

Petitioner is not entitled to habeas relief for several reasons. First, there is no constitutional right to a plea bargain. *See Weatherford v. Bursey,* 429 U.S. 545, 561 (1977). "It is a novel argument that constitutional rights are infringed by trying the defendant rather than accepting his plea of guilty." *Id.* A criminal defendant thus has neither a right to plead guilty nor a federal right that the judge accept a guilty plea. *Missouri v. Frye*, 132 S. Ct. 1399, 1410 (2012). The trial court's alleged refusal to accept the petitioner's guilty plea thus cannot serve as the basis for federal habeas relief. *See Ringstaff v. Mintzes,* 539 F. Supp. 1124, 1127-28 (E.D. Mich. 1982).

In the present case, the trial judge withdrew or vacated Petitioner's guilty plea after he asserted his innocence. Although a criminal defendant may plead guilty even while professing his innocence, *see North Carolina v. Alford*, 400 U.S. 25, 37 (1970), a court is not required to accept such a plea. *Id.* at 38, n. 11; s*ee also United States v. Jones,* 103 F. App'x 479, 480 (4th

Cir. 2004); *United States v. O'Brien,* 601 F. 2d 1067 (9th Cir. 1979); *United States v. White,* 308 F. App'x 910, 916 (6th Cir. 2009) (defendant's guilty plea to drug conspiracy charge could not be accepted, even though defendant indicated three times, at change of plea hearing, that he wished to plead guilty, given that defendant also indicated that he was pleading guilty due to his dissatisfaction with his attorney's lack of effort and was not guilty of conspiracy, that defendant never admitted to being part of conspiracy and denied involvement with drugs providing basis for agreed relevant conduct, and that defendant indicated erroneously that he was pleading guilty to "lesser charge."). Indeed, "when a defendant casts doubts upon the validity of his guilty plea by protesting his innocence or by making exculpatory statements, the court may resolve such doubts against the plea." *United States v. Gomez-Gomez,* 822 F. 2d 1008, 1011 (11th Cir. 1987).

Secondly, to the extent that the petitioner alleges that the trial judge violated the provisions of Michigan Court Rule 6.310 by withdrawing Petitioner's plea without his consent, he would not be entitled to relief. The Supreme Court has held that "'federal habeas corpus review does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's claim that the trial judge violated the provisions of Rule 6.310 in vacating the guilty plea without Petitioner's consent is non-cognizable on federal habeas review. *See*, *e.g.*, *Watkins v. Lafler*, 517 F. App'x 488, 500 (6th Cir. 2013). Petitioner is not entitled to habeas relief on his first claim.

B.

Petitioner next contends that his right to a fair trial was violated when the judge refused the jurors' request to review the transcripts of the testimony of four different witnesses during deliberations.

There is no federal constitutional law which requires that a jury be provided with a witness's testimony. *See Bradley v. Birkett,* 192 F. App'x 468, 477 (6th Cir. 2006). No United States Supreme Court decision requires judges to re-read testimony of witnesses or to provide transcripts of their testimony to jurors upon their request. *See Friday v. Straub,* 175 F. Supp. 2d 933, 939 (E.D. Mich. 2001). A habeas petitioner's claim that a state trial court violated his right to a fair trial by refusing to grant a jury request for transcripts is therefore not cognizable in a habeas proceeding. *Bradley,* 192 F. App'x at 477; *Spalla v. Foltz,* 615 F. Supp. 224, 233-34 (E.D. Mich. 1985).

Given the lack of holdings by the Supreme Court on the issue of whether a state trial judge is required to re-read the testimony of witnesses or provide transcripts of their testimony to jurors upon their request, the Michigan Court of Appeals' rejection of the petitioner's claim was not an unreasonable application of clearly established federal law. *See Wright v. Van Patten,* 552 U.S. 120, 126 (2008); *Carey v. Musladin,* 549 U.S. 70, 77 ( 2006).

IV.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In

applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that the petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. See Fed.R.App. P. 24(a).

V.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **SUMMARILY DENIED WITH PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: November 21, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served Kenneth Kelley #729470, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623 by first class U.S. mail on November 21, 2014.

s/Tracy A. Jacobs  
TRACY A. JACOBS